# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RICHARD F. ARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:12-cv-01227 |
| ) | Senior Judge John T. Nixon |
| LVNV FUNDING, LLC and ) | United States Magistrate Judge John S. Bryant |
| GC SERVICES, L.P., ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |

## AGREED PROTECTIVE ORDER

The cause came before the Court upon the agreement of the parties in this action (each a "Party," and collectively, the "Parties") as shown by the signature of counsel appearing below. Because the Parties anticipate the exchange of certain information and documents that might constitute or contain confidential, propriety, personal or other non-public information (hereinafter referred to collectively as "Confidential Information"), which the Parties by and through their counsel agree to treat said Confidential Information as follows:

1. Confidential Information shall be used only for purposes necessary to the litigation of claims between and among the Parties in this action (the "Permitted Purpose"), and not for any other purpose.

2. Any Party and non-party that produces a document in this proceeding (the "Producing Party") may designate such document, and the information contained therein, which it reasonably and in good faith believes to contain or constitute Confidential Information as "Confidential" by clearly marking "CONFIDENTIAL" on each page thereof, or on the first page

1

of a multi-page document. The Parties agree that copies of said designated documents and/or information that may be produced shall be subject to this *Agreed Protective Order*.

3. A Party shall not be obligated to challenge the confidential nature of a "Confidential" designation at the time it is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees at any point in these proceedings with the designation of any information as "Confidential", the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. Nothing herein shall prohibit a Party from seeking relief from the Court to remove a "Confidential" designation. Upon a petition to remove any "Confidential" designation, the Producing Party shall have the burden of proving that the information has been properly designated as "Confidential."

4. Except with the prior written consent of the Producing Party, or until such time as the "Confidential" designation has been removed from a document and the information contained therein, Confidential Information may not be disclosed to any person other than:

   a. The Court, any person employed with the Court whose duties require access to information, and other persons employed by the Court;

   b. Counsel retained by a Party to the extent necessary for the Permitted Purpose;

   c. Counsel's employees to the extent necessary for the Permitted Purpose;

   d. Any officer or employee of a Party to the extent necessary for the Permitted Purpose;

   e. Third-party witnesses or consultants retained by a Party or counsel for a Party, but only to the extent necessary for the Permitted Purpose;

10777874.2

f.  Any witness testifying at a deposition or trial in this matter, or any potential witness during any interviews;

g.  Any court reporter or typist rendering services for recording or transcribing of testimony in this proceeding, or any personnel rendering reprographic services in this proceeding; or

h.  Any appointed or party-designated mediator(s).

5.  A person receiving the Confidential Information shall provide said Confidential Information only to persons to whom disclosure of the Confidential Information is authorized by this *Agreed Protective Order* and only for the Permitted Purpose.

6.  In the event it becomes necessary to provide or otherwise disclose any Confidential Information to a witness or potential witness, including an officer or employee of a Party, the Confidential Information shall be disclosed to that witness only after the witness acknowledges, by signing a copy of the attached Non-Disclosure Certificate, that the witness has read this *Agreed Protective Order* and agrees to be bound by its terms. That portion of any deposition transcript or sworn statement, including attached exhibits, or other discovery; that portion of any papers served or filed with the Court and Court, including attached exhibits; and that portion of any notes of witness interviews, which disclose, pertain to, refer to, or incorporate Confidential Information shall be treated according to the terms of this *Agreed Protective Order*. Only the court reporter, acknowledging witness, and those other persons who are authorized by the terms of this *Agreed Protective Order* to receive such Confidential Information may be present at the deposition during any questioning concerning the Confidential Information. The Parties may agree to waive this restriction to any degree during a deposition provided such waiver is stated on the record.

7.  Nothing in this *Agreed Protective Order* shall prohibit a Party or its counsel from disclosing Confidential Information to the (a) person(s) who authored the document or material for the Permitted Purpose; (b) the person(s) who previously received the document or material or a copy thereof not in violation of this *Agreed Protective Order*; (c) person(s) employed by the Producing Party for the Permitted Purpose; or (d) any other person or entity, provided that the Producing Party first approves such disclosure to such person or entity in writing.

8.  If a Party wishes to submit Confidential Information in connection with a motion before the Court, the Party shall state that such Confidential Information is submitted under seal with the statement "Confidential Information Filed Under Seal Pursuant to Confidential *Agreed Protective Order*." If necessary, the Party may file the entire pleading under seal. The Parties will revisit these issues before any trial to discuss the steps to be taken to maintain the confidentiality of the Confidential Information at the trial.

9.  This *Agreed Protective Order* does not affect the rights of the Producing Party with respect to the documents each Producing Party designates as Confidential. The production of Confidential Information shall not constitute an admission by any Party, nor waive any Party's rights, with respect to the admissibility of such information. Nothing in this *Agreed Protective Order* shall be construed as precluding a Party from objecting to any use of Confidential Information.

10.  Within sixty (60) days after final resolution of this proceeding, including any appeals, and upon written request by the Producing Party, all Confidential Information and all copies thereof, except those which are in the custody of the Court and one archival copy of all pleadings, exhibits, depositions, deposition exhibits thereto, and other filings which may be

retained by outside counsel, shall be returned to the Producing Party or destroyed (and certified by affidavit as having been destroyed) by any Party or person in possession thereof.

11. Should any third party request access to the Confidential Information, by discovery, subpoena or otherwise, the Party to whom the request is made shall immediately notify the Producing Party in writing. The Party to whom the request is made must also assert a written objection to the production of documents stating that they are unable to produce the documents pursuant to this *Agreed Protective Order* and withhold the documents until the Court or a court with jurisdiction renders a decision upon any motion filed, or the Producing Party instructs the Party to whom the request is made in writing that the Producing Party does not intend to move to protect confidentiality or permits the disclosure upon terms and conditions the Producing Party deems fit. Nothing herein, however, shall be construed as requiring the Party that received such Confidential Information to challenge or appeal any order requiring that it produce the Confidential Information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from the Court.

12. Any dispute that arises under this *Agreed Protective Order*, including any effort to contest the designation of Confidential Information as Confidential, shall be resolved by motion made before the Court.

13. The foregoing is without prejudice to the Parties' rights to enter into a written agreement to broaden the scope of those authorized to obtain access to Confidential Information.

14. The Parties agree to submit this *Agreed Protective Order* to the Court for approval and further agree that, pending approval by the Court, this *Agreed Protective Order* shall be effective as if approved as of the date of its submission, and that any violation of its

terms shall be subject to the same sanctions and penalties as if it had been entered as an order of the Court as of the date of its submission.

15. The restrictions and obligations of this *Agreed Protective Order* shall not apply to any information that (a) is public knowledge; (b) becomes public knowledge through no fault of any party to this *Agreed Protective Order*; or (c) comes into the possession of a Party other than through the disclosure of such information in this proceeding.

16. Any and all written notice that is required to be given under any provision of this *Agreed Protective Order* may be performed via any method permitted under the Federal Rules of Civil Procedure, or via commercial courier service, facsimile or electronic mail, and shall be sent to the undersigned attorney(s) for the parties to this *Agreed Protective Order*.

17. The provisions of this *Agreed Protective Order* survive the conclusion of this proceeding, and this Court shall retain jurisdiction to enforce this *Agreed Protective Order* and remedy for its violation.

THEREFORE, the Parties hereto, through their respective attorneys of record, hereby stipulate to the terms of this *Agreed Protective Order*.

SO ORDERED this, the 16th day of September, 2013.

_____
JOHN S. BRYANT
United States Magistrate Judge

6
10777874.2

The Filing User hereby certifies that all signatories hereto agree to the filing of this document.

**APPROVED FOR ENTRY:**

s/ James H. Lawson *(with permission by DWE)*
Fletcher Long (TN Bar No. 018775)

LONG & HERBISON, PLLC
1310 Madison Street
Clarksville, Tennessee 37040
Telephone:   (931) 896-2066
Facsimile:   (931) 896-2067
Email:       flong@fletcherlong.com

James H. Lawson, Esq.
LAWSON AT LAW, PLLC
10600 Timberwood Circle
Suite 1
Louisville, Kentucky 40223
Telephone: (502) 473-6525
Facsimile: (502) 473-6561
Email: james@kyclc.com

*Attorneys for Plaintiff Richard F. Arnett*

and

s/Derek W. Edwards
Derek W. Edwards (TN Bar No. 021455)

WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-1760
Telephone:   (615) 244-6380
Facsimile:   (615) 244-6804
Email:       derek.edwards@wallerlaw.com

*Attorneys for Defendant LVNV Funding, LLC*

# NON-DISCLOSURE CERTIFICATE

In connection with the case styled *Richard F. Arnett v. LVNV Funding, LLC and GC Services, L.P.*, I certify my understanding that access to Confidential Information is provided to me pursuant to the terms and restrictions of an *Agreed Protective Order* among the parties to the above-referenced proceeding, dated May ____, 2013, and that I have been given a copy of, and have read, the *Agreed Protective Order* and agree to be bound by its terms. I understand that the contents of the confidential materials, and any notes or other memoranda or any other forms of information which copy or disclose confidential materials, shall not be disclosed to anyone other than in accordance with that *Agreed Protective Order* and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of the Court for purposes of enforcement of this Non-Disclosure Certificate and the *Agreed Protective Order*.

I agree to that I am a party to the *Agreed Protective Order*.

By: _____

Title: _____

Representing, if applicable: _____

Date: _____